IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ALIA CAMARA, <br>         Petitioner, <br><br> v. <br><br> JAMAL L. JAMISON, *et al.*, <br>         Respondents. | Civil No.: 2:25-cv-07326-JLS |

**ORDER**

**AND NOW**, this 30th day of December 2025, upon consideration of Alia Camara's Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2), and the Government's Response in Opposition to Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order (ECF No. 5), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) and Motion (ECF No. 2) are **GRANTED** as follows:

    1. Alia Camara is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

    2. The Government shall **RELEASE** Alia Camara from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on December 31, 2025;

    3. If the Government chooses to pursue re-detention of Alia Camara pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

4. The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.[1]

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL**
**United States District Court Judge**

---

[1] Mr. Camara continuously resided in the United States for over two years. (*See* ECF No. 1, Verified Pet. for Habeas Corpus, ¶¶ 19-21). He arrived on November 9, 2023. (*Id.* at ¶ 19). After Mr. Camara was served with a Notice to Appear and charged with removability on December 1, 2023, he filed an application for asylum with the Department of Homeland Security. (*See id.* at ¶¶ 20-22; Exhibit A). That application is still pending. (*Id.* at p. 2). ICE arrested Mr. Camara during a routine check-in. (*Id.*)

The Government's arguments are familiar. The Government maintains that this Court lacks jurisdiction to intervene in removal proceedings, Mr. Camara failed to exhaust his administrative remedies, Mr. Camara is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and the detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025). The Court will not belabor the point: Mr. Camara's mandatory detention without the opportunity for a bail hearing is unlawful.